Joy, Defendant in Error, *vs.* COOLEY, Plaintiff in Error.

1. An answer to a petition on a note which states that the defendant "paid the plaintiff two sums of money which extinguished the note," is sufficient under the code, the amount of the alleged payments exceeding the amount of the note.

*Error to St. Louis Circuit Court.*

*T. T. Gantt,* for plaintiff in error.
*W. V. N. Bay,* for defendant in error.

GAMBLE, Judge, delivered the opinion of the court.

Joy sued Cooley on a promissory note. Cooley answered that he made the note and that that after the making thereof, he paid the plaintiff two sums of money, stating the dates and amounts of the payments, and that the last payment " extinguished the note." The amount of the two payments exceeded that of the note. The court struck out the answer and judgment was rendered for the plaintiff. The sufficiency of the answer is the only question.

1. It is true the answer does not state in terms that the defendant paid the note, but that the defendant made two payments to the plaintiff, the last of which extinguished the note. In construing pleadings under the code, where they are required to be verified by oath, it is not safe to assume that a defendant is prevaricating, because he does not answer in some set form of words. In the present case, if the payments were not made on account of this note, the defendant has sworn as falsely as he would if he had stated in his answer that he had fully paid and satisfied the note. Such is the meaning of his language, and the fact to be tried is the same as if the other form of expression had been employed. The answer should not have been stricken out.

The judgment is reversed, and the cause remanded.